**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**STACY A. VASKO (01),**

**Defendant.**

Case No. 19-40057-01-DDC

## MEMORANDUM AND ORDER ADDRESSING DEFENDANT'S
## MOTION TO REVIEW AND AMEND ORDER OF CONDITIONS (DOC. 8)

Defendant Stacy A. Vasko has asked the court to review and amend the Order Setting

Conditions of Release (Doc. 6) entered by United States Magistrate Judge Angel Mitchell on

August 20, 2019. *See* Doc. 8. After reviewing the parties' filings on this motion[1] and hearing

their oral arguments during a hearing on September 3, 2019, the court grants Ms. Vasko's motion

in part and denies it in part. Specifically, the court vacates the August 20 Order (Doc. 6) and

replaces it with the Amended Order Setting Conditions of Release filed contemporaneously with

this Order as Doc. 13. That Amended Order now establishes the conditions that apply to the

defendant while released and pending trial.

This Memorandum and Order outlines the court's reasons for its ruling.

## I.    DEFENDANT'S ARGUMENTS

Ms. Vasko makes two related but nonetheless distinct arguments. The first one operates

at a broad and general level. It contends that the court "shall order" pretrial release of the

defendant on "personal recognizance" or on unsecured bond unless the judicial officer

determines that: (1) such a release will not "reasonably assure" the defendant's appearance as

---

[1]      Docs. 8, 10 and 11.

required, or (2) "will endanger the safety of any other person or the community" as a whole. *See* 18 U.S.C. § 3142(b). This proposition isn't controversial for § 3142(b) says as much. Because the government has failed to demonstrate either predicate Ms. Vasko argues that the court erred by imposing any conditions on her. Ms. Vasko's second argument, something of a backstop, contends that even if some conditions are warranted, the conditions adopted in Doc. 6 are far too broad and thus impermissibly intrude on her freedom. This result, she argues, contradicts § 3142(c)(B). This provision requires the court—even when it concludes that conditions are required to assure reasonably the appearance of the defendant or protect the safety of any person or the community as a whole—to adopt "the least restrictive . . . condition, or combination of conditions" that will accomplish those two outcomes. *Id.*

## II. THE CURRENT CHARGE AGAINST MS. VASKO AND HER HISTORY AND CHARACTERISTICS

The Indictment charges that Ms. Vasko, while employed by the United States Postal Service, "embezzled, stole, and removed letters and mail, and articles and things contained" in it, namely, "gift cards, entrusted to her" which she had come to possess when deposited as mail. Doc. 1 at 1. It thus accuses Ms. Vasko of committing a felony under § 1709 of Title 18 of the United States Code. If convicted on this charge, Ms. Vasko faces a sentence no greater than five years in federal prison and restitution, among other things. A summons directed Ms. Vasko to appear in court on this charge (Doc. 2), and she did so on August 12, 2019.

The Pretrial Services Report about Ms. Vasko concluded that she has lived in Salina, Kansas, for the last 16 years. Currently, she lives with her two sons, the youngest one born just a few weeks ago. She has "regular contact" with her parents and "weekly contact" with her sister, who lives in a nearby town. Ms. Vasko works as a housekeeper at Presbyterian Manor in Salina,

a facility providing various levels of living options to seniors. She has held this job since February 2019.

This report also finds that Ms. Vasko has four criminal convictions, though some of them later were expunged under state law. Her convictions are for: Disorderly Conduct (2006, sentenced to five days incarceration); a traffic violation (2006); Theft by Deception from Three Businesses within 72 hours (2008, suspended sentence of six months incarceration); and Theft of Property or Service (2012, sentence unreported). More recently, about four months ago, Ms. Vasko was charged with Driving Under the Influence, Following Too Closely, and "Liability Insurance." These charges are currently pending before the Municipal Court of Salina, Kansas. Ms. Vasko reported to the Pretrial Services Officer that she was under the influence of Ambien prescribed for her by her mental health provider—in other words, she had not consumed alcohol or some other form of a drug of abuse. Also, she reported that she has discontinued use of Ambien.

Ms. Vasko reported that she has participated in therapy with a mental health provider for the last 12 months, including, currently, outpatient treatments. Also, she reported that she has received mental health treatment since 2008 and currently takes two medications prescribed for her by her provider. Otherwise, she reports, she is in "excellent physical health" and experiencing no current medical problems.

The court discusses other aspects of Ms. Vasko's history and characteristics, as relevant to the court's analysis of the current motion, elsewhere in this Order.

### III. DOES THE RECORD SUPPORT THE CONDITIONS IMPOSED ON MS. VASKO?

The Order Setting Conditions of Release (Doc. 6) imposed nine conditions on Ms. Vasko. Doc. 6 at 1-2. She disputes three of them. They are the conditions requiring her to: (a) "submit

to supervision by and report for supervision to the Pretrial Services Office" of the United States Probation Office; (b) "continue or actively seek employment;" and (c) "get medical or psychiatric treatment as deemed advisable by Pretrial Services."  *See* Doc. 6 at 2.  Ms. Vasko's motion does not challenge the other six conditions imposed by Doc. 6,[2] so this Order reimposes each one of those six conditions.

The first question the court must decide is whether the government has discharged its threshold burden.  That is, has it demonstrated that release on personal recognizance without conditions—except for those forbidding further crimes and requiring DNA collection—"will not reasonably assure the appearance of the [defendant] as required or will endanger the safety of any other person or the community."  § 3142(b).  Subsection (g) of this same statute specifies the factors the court must consider when it evaluates this threshold question.

Addressing these two considerations separately, the court finds that the government has failed to shoulder its burden to show that any conditions are required to "reasonably assure" Ms. Vasko's appearance, as required.  Nothing in the record suggests that she has fled or otherwise ignored her responsibilities in any of her earlier criminal cases.  Indeed, all available information is to the contrary.  Ms. Vasko appeared in this case on a summons.  The government never sought a warrant authorizing her arrest.  Also, nothing in her prior entanglements with the criminal justice system suggests that she has failed to appear for a court hearing.  Indeed, Ms. Vasko's record demonstrates personal initiative and attention to detail.  The Pretrial Services Report concludes that she acted under Kansas law to expunge her convictions for Disorderly

---

[2]        The six unchallenged conditions require Ms. Vasko to:  (1) refrain from violating any federal, state, or local law; (2) cooperate in the collection of a DNA sample, "if authorized by 42 U.S.C. § 14135a;" (3) advise the court or her pretrial services officer in writing before changing her residence or telephone number; (4) appear in court as required and, if convicted, surrender as directed to serve a sentence; (5) surrender her passport to the Pretrial Services Office; and (6) refrain from securing a passport or any other "international travel document."  *See* Doc. 6 at 1-2.  Section 3142(b) explicitly authorizes the first and second of these six conditions.

Conduct, Theft by Deception, and Theft of Property or Service. Considering all the factors specified in § 3142(g), the court finds that Ms. Vasko does not present a risk for flight or other failure to appear as required.

This leaves the second prong in subsection (b) of § 3142. It asks whether release without conditions "will endanger the safety of any other person or the community." § 3142(b). On this prong, the record is more mixed. According to the current information available, Ms. Vasko recently was cited by state authorities for driving a motor vehicle while under the influence, following another vehicle too closely, and failing to demonstrate proof of insurance, as Kansas law requires. Ms. Vasko's version of this charge—a version the government does not challenge—asserts that she drove her car after taking Ambien prescribed by her mental health provider. Also, she reports, she since has stopped taking this medication.

Reviewing the factors specified in subsection (g) of this § 3142, the court draws the following conclusions:

- many of subsection (g)'s factors are not germane to this case (*e.g.*, "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [of Title 18], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," § 3142(g)(1)); and

- other factors might pertain to Ms. Vasko and the charge against her, but the government hasn't provided any information suggesting that they apply here (*i.e.*, "the weight of the evidence against the person," § 3142(g)(2)).

But other factors specified by § 3142(g) plainly pertain to Ms. Vasko.

Namely, subsection (3)(A) of § 3142 (g) directs the court to consider the defendant's "history and characteristics," including her "character, . . . mental condition, . . . employment, financial resources, . . . past conduct, history relating to drug abuse, [and] criminal history." § 3142(g)(3)(A). *Id.* Ms. Vasko's criminal history includes crimes that raise substantial

questions about her character. Three times since 2006, she has been convicted on theft charges. This criminal history presents fact-based concerns about her trustworthiness, veracity, and character. And the current charge, while merely a charge, raises the same concern. Ms. Vasko's convictions also implicate the report about her financial resources. The Pretrial Services Report reports a significant negative net worth and a very tight monthly cash flow—leaving just $141 for unbudgeted discretionary spending. These facts, combined with Ms. Vasko's convictions for crimes of greed, provide a limited basis to conclude that she presents some threat to the economic security of the community. The parties disagree whether a defendant's economic crimes can suffice as a basis to find a defendant "endanger[s] the safety of any other person or the community." § 3142(b). *See, e.g.*, Doc. 10 at 4 (government's Response to Motion) and Doc. 11 at 2 (defendant's Reply). This is an interesting question, but not one the court needs to decide here.

Another aspect of Ms. Vasko's history and characteristics provide an independent and self-sufficient basis to find that her release, without conditions, would endanger the safety of the community. Specifically, Ms. Vasko recently was charged in a Kansas municipal court with driving a motor vehicle while under the influence and following another vehicle too closely. Her version of events does not deny impairment. Instead, during a proffer, her counsel advised the basis for the charge: she had driven a car after taking the sleep medication Ambien. The Pretrial Services Report provides that Ms. Vasko since has discontinued use of Ambien. But it also reports that she is taking other medications and continues with therapy for depression and PTSD. The defendant acknowledges that she is having difficulties because of her child's recent birth and an on again/off again relationship with the father of one of her children. The court finds that these circumstances, combined, provide clear and convincing evidence supporting the court's

finding that her release, without any conditions, would endanger the safety of others and the community. They thus support supervision of some kind during her pretrial release.

## IV.    DOES THE RECORD SUPPORT THE CONDITIONS IMPOSED BY THE COURT'S EARLIER ORDER?

That the record supports a conclusion that some supervision is required does not end the analysis. When the court concludes—as it has here—that the defendant's release without conditions will endanger the safety of others or the community generally, it must impose "the least restrictive further condition, or combination of conditions" necessary to protect that interest. § 3142(c)(B). The court now applies this standard to the three conditions challenged by Ms. Vasko's motion.

### A.    Condition (7)(a):  "The defendant must . . . submit to supervision by and report for supervision to the Pretrial Services Office"

Defendant challenges this condition because, she contends, it could require Ms. Vasko to travel from her home in Salina to the nearest Pretrial Services Office in Topeka, Kansas. She claims that her duties as mother of two small children and her full-time job make this requirement a significant burden and, simply, there is no need for it.

During the hearing on her motion, the court expressed some concerns about the undefined nature of this condition, *i.e.*, what does it mean to require a defendant to "submit to supervision?" The Pretrial Services Officer supervising Ms. Vasko appeared at the hearing. She explained that her Office would not require Ms. Vasko to travel to Topeka and, instead, the Officer would travel to Ms. Vasko's home in Salina periodically. Also, the Pretrial Services Officer, operating under this condition, would require Ms. Vasko to submit a one page report each month. This report would require the defendant to:  provide basic information about her living arrangements; identify a family member or friend to serve as an emergency contact; provide basic information

about her employment; and the vehicles owned or driven by defendant; and submit basic information about her compliance with conditions during the past month (*e.g.*, was the defendant questioned by a law enforcement agent, was she charged in a criminal case, were any charges against her concluded). At the court's request, the Pretrial Services Officer provided the one-page form that functions as the template for this monthly report. It is attached as Exhibit 1.

Based on this form and the medium effort required to complete it, the court finds that requiring defendant to submit this monthly report imposes a minimal burden. Also, the court concludes, the information required by the report is essential to the supervision required to safeguard the safety of the community. It represents the least restrictive alternative for supervising Ms. Vasko, and discerning whether her circumstances have changed. The court thus overrules defendant's objection to submitting to this form of supervision. Ms. Vasko must submit the monthly report used by the Pretrial Services Office.

In addition, the court overrules defendant's objection to accepting home visits by the Pretrial Services Officer. Given Ms. Vasko's past record and the questions it raises about her veracity and trustworthiness, the court finds it appropriate for the Pretrial Services Officer, in her discretion, to visit Ms. Vasko to corroborate the information she has reported. This requirement also requires Ms. Vasko to accept telephone calls from and return, as directed, calls to her Pretrial Services Officer. Ms. Vasko must respond truthfully to questions intended to corroborate the information she has provided in her report. Naturally, if the Pretrial Services Officer finds that Ms. Vasko has failed to provide information sought by her monthly report, Ms. Vasko must answer such questions on request.

In sum, Ms. Vasko must "submit to [the] supervision" identified in this Order and the Amended Order Setting Conditions of Release. The court sustains defendant's objection to this

condition in all other respects.  Naturally, if changed circumstances warrant expanded requirements as part of this condition, the Pretrial Services Department may request modification of Ms. Vasko's conditions.

**B.  Condition 7(b):  "The defendant must . . . continue or actively seek employment"**

This condition is self-explanatory.  It requires Ms. Vasko to hold a job or, if she is without one, to seek employment.  Ms. Vasko argues this condition is unnecessary as she holds a job and, given her responsibilities as a mother, has plenty of incentive to keep it.  The government's response is somewhat vague, and seems to argue that busy people who have a steady source of income are less likely to participate in crimes.

This objection presents something of a close question.  Ms. Vasko's criminal history and current circumstances present concerns.  She has engaged in crimes of greed and the charge in this case accuses her of doing so again.  And she has significant economic responsibilities and small margin for error.  But the Pretrial Services Report also discloses that she has a supportive family nearby.  And it's not difficult to imagine that Ms. Vasko might conclude that functioning as the mother of two young children is too demanding to keep a full-time job—particularly if her family elects to support her.

Measuring these factors under the "least restrictive alternative" standard adopted by the controlling statute, the court sustains Ms. Vasko's objection.  The court notes, however, that this ruling does not eliminate Ms. Vasko's obligation to provide—as the Monthly Report requires—monthly information about her employment status.  If she leaves her current job, for example, the Pretrial Services Office deserves to know that her employment circumstances have changed. This development, if it occurred, might affect the Office's overall evaluation of Ms. Vasko's

changed circumstances.  Having that information is necessary to inform the decision whether existing conditions protect the safety of the community adequately.

### C.  Condition 7(h):  "The defendant must . . . get medical or psychiatric treatment as deemed advisable by Pretrial Services."

Ms. Vasko's last objection challenges the requirement that she secure medical or psychiatric treatment "as deemed advisable by Pretrial Services."  The court sustains defendant's objection.  The only information available on this subject comes from the Pretrial Services Report.  It determined that Ms. Vasko has concluded—some time ago—that some mental health conditions warranted treatment.  Likewise, it reported, Ms. Vasko acted on her own and initiated and has continued that treatment to the current day.  Her mental health provider, after applying professional judgment, concluded that certain medications would assist Ms. Vasko's efforts to cope with these problems.  And the record suggests that Ms. Vasko has engaged herself in her course of treatment, *i.e.*, she asked her provider to discontinue the medication Ambien.  In short, nothing provided to the court justifies the Pretrial Services Office having control over defendant's mental health treatment.  Even less supports the conclusion that the Office should control the course of any medical treatment Ms. Vasko receives.  *See United States v. Williams*, 356 F.3d 1045, 1057 (9th Cir. 2004) (mandating medication condition requires "medically-grounded findings" that medication is necessary).  The court thus sustains defendant's objection to this condition.

Again, this conclusion is subject to modification.  If the Pretrial Services Office develops information or facts that support an inference that Ms. Vasko isn't receiving sufficient mental health or medical treatment and that shortcoming could imperil the safety of the community, it may act to modify her conditions.  But on the current record, the condition is unsupported.

**THEREFORE, IT IS ORDERED, JUDGED AND DECREED** that defendant's Motion to Review and Amend Order of Conditions (Doc. 8) is granted in part and denied in part, as set forth in full in this Memorandum and Order.

**IT IS FURTHER ORDERED** that the conditions imposed on defendant Stacy A. Vasko are modified as set forth in the Amended Order Setting Conditions of Release (Doc. 13) entered contemporaneously with this Memorandum and Order.

**IT IS FURTHER ORDERED** that defendant, to avoid making another needless appearance in court, must cooperate with the Pretrial Services Officer to sign and return to the Pretrial Services Officer the "Advice of Penalties and Sanctions" and "Acknowledgement of the Defendant" on page 3 of the Amended Order Setting Conditions of Release entered with this Memorandum and Order.

**IT IS SO ORDERED.**

**Dated this 6th day of September, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**